**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                          No. 97-4270

TERRY LEE SMITH,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
William B. Traxler, Jr., District Judge.
(CR-96-637)

Submitted: December 16, 1997

Decided: January 22, 1998

Before HALL and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Suzanne Elizabeth Coe, Greenville, South Carolina, for Appellant.
William Corley Lucius, Assistant United States Attorney, Greenville,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Appellant Terry Lee Smith of one count of knowingly possessing stolen bank money in violation of 18 U.S.C. § 2113(c) (1994). Smith's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), discussing whether the district court failed to make specific findings on Smith's objections to the presentence report; whether the district court erroneously calculated the amount of intended loss and the amount of money found in Smith's possession; whether the district court erred by enhancing Smith's base offense level for obstruction of justice; and whether the district court erroneously denied Smith's motions for a directed verdict. Smith has filed a pro se supplemental brief alleging that there was contradictory evidence presented at trial which made the evidence insufficient to support the finding of guilt; that the prosecutor committed perjury and intentionally misled the jury; that the judge was biased against him; that there was insufficient evidence to support the indictment; and that appellate defense counsel rendered ineffective assistance by filing an Anders brief. Finding no error, we affirm.

In September 1996, the National Bank of South Carolina in Spartanburg, South Carolina, was robbed by an armed black male wearing a disguise. A few days later, Smith, who matched the physical description of the robber, and his nephew were apprehended in separate arrests. Police discovered a $20 "bait bill" from the robbery in Smith's wallet and two rolled-up socks containing approximately $190 in dye-stained bills from the robbery in the trunk of his car. A subsequent search of the residence occupied by Smith resulted in the discovery of a briefcase belonging to Smith containing a dye pack of approximately $2000 in cash and two black bags containing additional cash from the robbery. Bank personnel testified that approximately $5800 was stolen in the robbery.

As a threshold matter, we find that the record fails to support Smith's assertions that the district court did not make specific findings on his objections to the presentence report; that the evidence was insufficient to support a finding of guilt or to support the indictment;

2

and that there was prosecutorial misconduct and judicial bias. The probation officer addressed each of Smith's objections to the presentence report, and the district court expressly adopted the probation officer's findings. In addition, the court prepared written findings of fact as to each objection. Contrary to Smith's allegations, the only contradictory evidence concerning the offense of conviction consisted of his own self-serving denials of guilt. There was contradictory evidence concerning the bank robbery itself, but Smith was acquitted of these charges. We find that the indictment was amply supported by the finding of significant amounts of stolen cash in Smith's possession. Finally, we find that the record fails to disclose any hint of prosecutorial misconduct or judicial bias. Smith takes the challenged comments by the prosecutor out of context.

We review the district court's calculation of the amount of intended loss and the amount of money found in Smith's possession for clear error and find none. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). The bank manager's testimony clearly established the amount of loss. We find that the $20"bait bill" combined with the $190 found in the trunk of Smith's car and the approximately $2500 found at his residence amply support the district court's finding that Smith possessed over $100 from the robbery. We further find that the record supports the district court's decision to enhance Smith's base offense level for obstruction of justice. Smith's testimony went beyond mere denial of guilt, and the testimony concerning his washing of the money to remove the dye suggested an active attempt to conceal the crime.

Finally, viewing the evidence in the light most favorable to the Government, we find that Smith was not entitled to a directed verdict. The evidence was sufficient to present a question for the jury and to support the jury's finding that Smith possessed stolen bank money. Smith's claim that appellate defense counsel rendered ineffective assistance is more appropriately raised in a motion filed pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), unless counsel's alleged deficiencies conclusively appear on the record. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). Since none of the issues raised by Smith has any merit, we find no conclusive evidence that counsel rendered ineffective assistance by filing an Anders brief.

3

We have examined the entire record in this case in accordance with the requirements of <u>Anders</u> and find no meritorious issues for appeal. The court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We therefore affirm Smith's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4